UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARREN JOHN BRIDGEMAN,

    Petitioner,

v.                                                    CASE NO. 6:13-cv-753-Orl-37TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner, through counsel, initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 10) to which Respondents were permitted to file a response (Doc. No. 15).

Petitioner alleges three claims for relief in his petition: (1) appellate counsel rendered ineffective assistance by failing to argue that the trial court erred by proceeding to a material stage before making a competency determination; (2) trial counsel rendered ineffective assistance by failing to pursue a competency hearing; and (3) his constitutional right to confront witnesses was violated by the admission of the video deposition of Thomas Brooks. For the following reasons, the Court concludes that the petition is untimely and must be dismissed.

I.   *Procedural History*

Petitioner was charged by indictment with one count of first degree murder (count one) and one count of attempted first degree murder (count two).  A jury trial was conducted, and Petitioner was found guilty of count one and guilty of the lesser included offense of attempted second degree murder as to count two.  The trial court sentenced Petitioner to life in prison for the first degree murder conviction and to a concurrent fifteen-year term of imprisonment for the attempted second degree murder conviction.  Petitioner appealed.   The Fifth District Court of Appeal of Florida affirmed *per curiam* on October 5, 2010.   (Doc. No. 7 at 28.)

Petitioner, through counsel, filed a state petition for writ of habeas corpus on September 19, 2011.   (Doc. No. 7 at 31, 55.)   The Fifth District Court of Appeal of Florida denied the petition on April 5, 2012.   *Id*. at 55.   Petitioner filed a motion for rehearing, which was denied on May 8, 2012.   *Id*. at 59.

While his state habeas petition was pending, Petitioner, through counsel, filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The state court denied the motion, and Petitioner appealed.   *Id*. at 75-86.   The Fifth District Court of Appeal of Florida affirmed *per curiam* on September 4, 2012.   *Id*. at 124.  Mandate was issued on September 28, 2012.   *Id*. at 125.

II.   *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on direct appeal on October 5, 2010. Petitioner then had ninety days, or through January 3, 2011, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13.[1] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on January 3,

---

    [1] Rule 13 provides as follows:

        The time to file a petition for a writ of certiorari runs from the

3

2011, and Petitioner had through January 3, 2012, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired).

Petitioner filed a state habeas petition on September 19, 2011. At that time, 259 days of the one-year limitation had expired (January 3, 2011 through September 19, 2011). The one-year limitation period was statutorily tolled from September 19, 2011, through September 28, 2012, the date mandate was issued on Petitioner's appeal of the denial of his Rule 3.850 motion. On September 28, 2012, 106 days (365 – 259 = 106) of the limitations period remained for Petitioner to timely file the instant petition or through January 14, 2013.[2] The instant petition, however, was filed on May 13, 2013.

Petitioner seemingly concedes that the instant petition was not timely filed. *See* Doc. No. 10. Nevertheless, he contends that he is entitled to equitable tolling because he

---

> date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

[2] January 12, 2013, was a Saturday. Therefore, Petitioner had until January 14, 2013, the following Monday, to timely file his petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

was mentally incompetent to assist his post-conviction attorneys at the time the petition was due to be filed. *Id*. Specifically, Petitioner, through counsel, states that he "refused to execute the petition returning same to the office of undersigned counsel and instead relying on the advice of a jailhouse lawyer in responding to counsels [sic] attempt to have the petition filed in a timely fashion." *Id*. at 1-2. According to counsel, Petitioner refused to sign the petition until March 25, 2013, when an attorney from counsel's office met with him and convinced him to sign it. *Id*. at 2. Petitioner also notes that he had difficulty getting the document notarized until May 7, 2013. *Id*.

In further support of his request for equitable tolling, Petitioner submitted a forensic psychological examination report from Dr. Michael P. Brannon, a psychologist who interviewed Petitioner in September 2013. Dr. Brannon reported that Petitioner said he recalled being informed of the urgency of signing the habeas petition in a timely manner, but he indicated he was not able to focus on the petition or stay on task because one of the ladies who helped him was on vacation. (Doc. No. 12-1 at 6.) Petitioner also told Dr. Brannon that he was experiencing depression, mania, anxiety, and auditory and visual hallucinations during the time period when he received the petition. *Id*. Dr. Brannon stated that other individuals, correspondence, and treatment records indicate that Petitioner complained that he was experiencing *inter alia* memory loss, depression, amnesia, panic attacks, anxiety, and auditory and visual hallucinations during the relevant time period, December 2012 through May 2013. (Doc. No. 12-1 at 3-5.) Dr. Brannon noted that during this time, Petitioner said he was prescribed psychotropic

5

medications but those medications were only partially effective in addressing his symptoms. *Id*. at 6. Petitioner reported that his medications were modified in February 2013. *Id*. at 4. However, Dr. Brannon does not note that Petitioner's medical records reflect that his medications were modified in February 2013. *See* Doc. No. 12-1 at 5. Dr. Brannon opined that "it is quite possible that the [Petitioner's] decision not to sign the Petition that was provided to him in December of 2012, and not to appreciate the urgency of signing that document, was due in part or in whole to his impaired mental health condition at that time." *Id*. at 6.

The Supreme Court of the United States has held that AEDPA's one-year statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,'. . . 'not maximum feasible diligence. . . .'" *Id*. at 653 (internal quotations and citations omitted). To show extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). As explained by the Eleventh Circuit:

6

> It is well settled that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268. A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.* In light of the petitioner's burden, district courts are not "required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface." *Chavez*, 647 F.3d at 1061.

*Lugo v. Sec'y, Fl. Dep't of Corr.*, 750 F.3d 1198 (11th Cir. 2014).

"Illness - mental or physical - tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005); *see also Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005) (concluding equitable tolling was not warranted because the petitioner failed to "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition"); *Lewis v. Howerton,* No. 1:07-cv-2803-JEC-WEJ, 2012 WL 4514044, at *17-19 (N.D. Ga. Sept. 30, 2012) (holding that the petitioner's mental impairment which included bipolar disorder was not an extraordinary circumstance that prevented the timely filing of the habeas petition); *Cutts v. Jones,* Case No. 1:06-cv-256-MHT, 2009 WL 230091, *7 (M.D. Ala. Jan. 30, 2009) (concluding that equitable tolling was not warranted based on the petitioner's allegations of mental impairment because he failed to establish a causal connection between the alleged mental impairment and his ability to file a timely federal habeas petition).

Petitioner has not demonstrated that some extraordinary circumstance, namely his mental health, prevented him from timely filing his habeas petition. Although Petitioner has provided evidence that he suffers from mental health issues, he has not established that his mental health issues prevented him from (1) consulting with counsel, (2) understanding the need to timely sign the petition, or (3) signing/filing the petition within the one-year limitation period.

To show the applicability of equitable tolling, Petitioner's counsel submitted the draft petitions sent to Petitioner in December 2012 and March 2013 and correspondence from counsel to Petitioner and from Petitioner to counsel during the relevant time period. (Doc. No. 10-1 at 4-18, 20-34.) Review of the draft petitions demonstrates that neither petition provided to Petitioner by counsel noted that the petition was untimely under the section addressing the timeliness of the petition. *Id.* at 16-17, 32. In fact, the petition provided to Petitioner in March 2013, as well as, the petition ultimately filed in this Court, explicitly state, "This petition is filed within the one-year statute of limitations." (Doc. No. 10-1 at 32; Doc. No. 1 at 13.) These statements seriously call into question Petitioner's contention that he was advised by counsel of the urgency of timely signing the petition, or if so, whether post-conviction counsel advised Petitioner of such prior to January 14, 2013.

Likewise, correspondence from counsel to Petitioner on December 11, 2012, and March 26, 2013, which accompanied the proposed habeas petitions, did not notify Petitioner that time was of the essence for him to sign the proposed petitions. (Doc. No.

8

10-1 at 3, 19.)   Instead, both letters advised Petitioner to carefully review the proposed petitions for accuracy, to make any corrections on the petitions, and to return the petitions to counsel to make any necessary corrections.   *Id*.   Additionally, in Dr. Brannon's report, he notes that Petitioner's father said that Petitioner did not tell him in December 2012 that there was any urgency in returning the petition to his attorney, despite the fact that Petitioner told his father he had problems understanding the petition and had enlisted the help of another inmate to review it.   (Doc. No. 12-1 at 4.)   The proposed habeas petitions, correspondence from counsel, and statement of Petitioner's father cast substantial doubt on Petitioner's representation to Dr. Brannon that he recalled being informed of the urgency of signing the habeas petition in a timely manner, particularly to the extent Petitioner contended that the warning was given prior to the expiration of the one-year limitation period.

More significantly, Petitioner's letters to counsel in December 2012, April 2013, and May 2013, indicate that Petitioner (1) understood the significance of the federal habeas action, (2) was able to understand the proposed petitions, (3) was able to consult with counsel, and (4) was active in the review and revision of his petition.   (Doc. No. 10-1 at 1-2, 35-37.)   For instance, on December 15, 2012, Petitioner told counsel that he had reviewed and corrected the proposed petition sent to him on December 11, 2012. Petitioner further stated, "I have no legal training, however the enclosed petition does not require legal training to see it is ill prepared, not supported, and does not raise all the grounds; even grounds that might be rejected."   *Id*. at 1.   Petitioner then listed the

9

various corrections that needed to be made to the petition and requested counsel to correct it. *Id*. at 1-2 (noting forty-four mistakes on the proposed petition).

On April 12, 2013, Petitioner advised counsel that he had reviewed the revised habeas petition, found no mistakes, and was happy with it. *Id*. at 35. Petitioner noted that he was anxious to sign and complete the petition, but he said he had had difficulty getting the petition notarized because a prison official familiar with his case was on vacation. *Id*. Petitioner asked counsel how he should proceed. *Id.*

Finally, on May 7, 2013, Petitioner sent counsel the signed and notarized petition. *Id*. at 37. In the accompanying letter to counsel, Petitioner again noted that he had been attempting to have the petition notarized for three weeks. *Id*.

All of Petitioner's correspondence to counsel from December 2012 through May 2013 was coherent and logical. Of interest, despite the fact that Petitioner expressed numerous complaints and concerns about his petition in December 2012, at no time did he reference the time limitation or any warning from counsel about such. Given Petitioner's numerous specific complaints detailed in his December 2012 letter to counsel, it is difficult, if not impossible, for the Court to find that Petitioner was unable to process, recall, or understand an admonition from counsel about the necessity of quickly signing the petition to avoid an untimely filing.

If anything is reflected by the various correspondence between Petitioner and counsel, as well as, the petition filed in this Court, it would seem to be an improper calculation of the time limitation for filing the instant petition. "Attorney miscalculation

10

is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 337 (2007); *see also Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012) ("If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction because in practically every case where there is a failure to meet the filing deadline an attorney is at fault.").

The Court further notes that despite Petitioner's mental health issues, he was able to timely file both a state habeas petition and Rule 3.850 motion with the assistance of counsel. In light of the evidence before the Court, Dr. Brannon's equivocal opinion that it is possible that Petitioner's decision not to sign the habeas petition that was provided to him in December 2012 was due in part or in whole to his impaired mental health condition at that time is not sufficient to justify an evidentiary hearing on the issue. In sum, although Petitioner suffers from serious mental health issues, he has failed to demonstrate that his mental illness prevented him from pursuing his legal rights, consulting with his counsel about his habeas action, or understanding counsel's advice from December 2012 through May 2013 or from timely filing the instant petition. *Cf. Hunter v. Ferrell*, 587 F.3d 1304, 1309-10 (11th Cir. 2009) (remanding habeas action to the district court for a determination of whether the petitioner, who suffered significant irreversible mental impairment and was unable to manage his affairs or understand his legal rights or act upon them, had demonstrated a causal connection between his mental

impairment and ability to timely file his habeas petition).  Petitioner, therefore, is not entitled to equitable tolling.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### III.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).  When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner

12

cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 9th day of July, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 7/3
Counsel of Record

13